UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 21-1249(DSD/BRT)


Saye Henry Gofan, Jr.

        Plaintiff,

v.                                                **ORDER**

Cameron C. Gustafson, Ryan Olson;
William Aldrich; B. Bautch;
North Star Towing Inc.; Dyanna
Street; James Dehen; Lori O'Brian;
Anoka County Jail Sheriff #213;
Anoka County Jail Sheriff #275;
Anoka County Jail Sheriff #442;
Anoka County Jail Sheriff #444;
Blair Buccicone; Anoka County
Jail Sheriff #273,

        Defendants.


    Saye Henry Gofan, Jr., 6066 Shingle Creek Parkway, Suite 1116,
    Brooklyn Center, MN 55430, plaintiff pro se.

    Evan Tsai, Esq., League of Minnesota Cities, 145 University
    Avenue West, St. Paul, MN 55103, counsel for city defendants.

    Anna L. Veit-Carter, Esq., Minnesota Attorney General's
    Office, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101,
    counsel for judicial defendants.


    This matter is before the court upon defendants Cameron C.

Gustafson, Ryan Olson, Willem Aldrich, Benjamin C. Bautch, C. Blair

Buccicone, Judge Dyanna Street, Judge James Dehen, and Lori

O'Brien's motions to dismiss.  Based on a review of the file,

record, and proceedings herein, and for the following reasons, the

court grants both motions.

**BACKGROUND**

This dispute arises out of pro se plaintiff Saye Henry Gofan, Jr.'s challenge to the prosecution of criminal citations he received in 2020. The citations arose out of an incident in which defendant Gustafson, an officer with the Coon Rapids Police Department, encountered plaintiff's vehicle allegedly parked illegally and without a front license plate. Tsai Aff., Ex. 2.[1] As Gustafson was examining the vehicle and investigating its registration, plaintiff stated that the car belonged to him. Id.

Gustafson requested plaintiff's identification, but plaintiff repeatedly refused to provide any state-issued identification. Id. Plaintiff then began moving towards an open car door, which Gustafson interpreted as an escalation of the situation. Id. In response, Gustafson attempted to arrest plaintiff. Id. Plaintiff allegedly resisted this effort but was ultimately placed in handcuffs and in the back of the squad car. Id. At that point, another officer with the Coon Rapids Police Department, defendant Olson, arrived to transport plaintiff to the Anoka County Jail. Id. Plaintiff allegedly failed to cooperate during the booking process and refused to be fingerprinted. Id.

As a result of this incident, plaintiff was charged with obstructing legal process-interfering with peace officer and

---

[1] Because the complaint lacks clarity, the court instead relies on and cites the Affidavits filed by the parties.

operating an unregistered vehicle. Veit-Carter Decl., Ex. 3. Judge Street presided at plaintiff's December 29, 2020, arraignment. ECF No. 1-1, at 171-72.

On February 10, 2021, plaintiff filed a motion in the state proceedings, titled "Affidavit for Dissolution and Redemption" (Affidavit), in which he claimed immunity from prosecution under the Eleventh Amendment to the United States Constitution.[2]  See ECF No. 1-1, at 67-86. He also challenged the jurisdiction of the prosecution and the court.  Id.  After a preliminary hearing on March 10, 2021, Judge Dehen denied plaintiff's motion. ECF No. 1-1, at 182-83.

Then, on March 24, 2021, plaintiff filed another motion in state court titled "Notice of Affidavit of Declaration and Demand, Fair Notice and Warning of Commercial Grace Notice of Non-Judicial Proceeding" (Notice).[3]  ECF No. 1-1, at 147-208.  Plaintiff named defendants and sought relief for "criminal fraud, perjury of oath, deprivation of rights, fraud, trespass, judicial order that create a disputable presumption, conspiracy, coercion, racketeering, malicious prosecution, misprision of felony, violation of public trust, false swearing, misrepresentation, intentional infliction

---

[2] Plaintiff later refiled the Affidavit in this action.  ECF No. 1-1, at 67-86.
[3] Plaintiff also refiled the Notice in this action.  ECF No. 1-1, at 147-208.

of emotional distress, defamation, [and] kidnapping," among other purported causes of action.  Id. at 202.

Plaintiff then filed this action on May 19, 2021.  Plaintiff requests a default judgment against all defendants, purportedly for their failure to respond to his Affidavit and Notice. Plaintiff mailed or hand-delivered copies of the complaint to each defendant.  Judge Street, Judge Dehen, and Lori O'Brien (Judicial Defendants) waived service.  All defendants now move to dismiss.

## DISCUSSION

### I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause

of action" are not sufficient to state a claim.  <u>Iqbal</u>, 556 U.S. at 678 (citation and internal quotation marks omitted).

On a motion to dismiss, the court may consider documents "necessarily embraced by the pleadings," which include "documents whose contents are alleged in a complaint and whose authenticity no party questions."  <u>Ashanti v. City of Golden Valley</u>, 666 F.3d 1148, 1151 (8th Cir. 2012).  Further, the court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction."  <u>Sanders v. United States</u>, 760 F.2d 869, 871 (8th Cir. 1985).

## II.  Judicial Defendants

Judicial Defendants move to dismiss, arguing that plaintiff's claims are barred by absolute judicial and quasi-judicial immunity and are inadequately pleaded under Federal Rule of Civil Procedure 8(a).  Judicial Defendants also argue that the claims should be dismissed under the <u>Younger</u> abstention doctrine.

The court begins with judicial and quasi-judicial immunity. Judicial immunity protects judicial officers from liability for acts performed within the scope of their judicial authority.  <u>Myers v. Price</u>, 463 N.W.2d 773, 775 (Minn. Ct. App. 1991).  "Judicial immunity applies to determinations and acts in a judicial capacity 'however erroneous or by whatever motives prompted.'"  <u>Id.</u> (quoting <u>Linder v. Foster</u>, 295 N.W. 299, 300 (Minn. 1940)).  This protection

5

is broad, as it is intended to "preserve judicial independence by allowing judges to act in their official capacity without fear of retaliatory civil suits." Id. (citation omitted).

Plaintiff's claims against Judge Dehen and Judge Street seemingly stem from their involvement in the state court proceedings against him. Plaintiff appears to argue that Judge Dehen and Judge Street failed to fully consider his jurisdictional challenges and acted without jurisdiction over him. Although it is true that judicial immunity does not apply when judges "act without jurisdiction over the subject matter," that particular limitation does not apply here. Cooper v. O'Conner, 99 F.2d 135, 138 (D.C. Cir. 1938).

Minnesota district courts are courts of general jurisdiction and have original jurisdiction over state civil and criminal cases. State v. Schnagl, 859 N.W. 2d 297, 301 (Minn. 2015); Minn. Stat. § 484.01, subd. 1. Plaintiff challenged the state court jurisdiction over him, arguing that he is not subject to the laws of Minnesota. But plaintiff's claims that "he need not comply with Minnesota state law and that Minnesota state courts have no jurisdiction over him" are "legally incorrect." Yennie v. Walters, No. 18-CV-1626, 2018 WL 7137847, at *6 (D. Minn. Nov. 15, 2018). Thus, the claims against Judge Dehen and Judge Street involved acts within the scope of their judicial responsibilities and in

6

matters over which they had jurisdiction, and they are entitled to judicial immunity.

Plaintiff's claims against Lori O'Brien similarly seem to emanate from her role in the state court proceedings.  O'Brien argues that quasi-judicial immunity extends to her acts as Anoka County District Court Administrator and that the claims against her should be dismissed on those grounds.

Quasi-judicial immunity protects non-judge officials performing judicially related functions.  <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429 (1993) (citations omitted).  The doctrine extends absolute immunity to officials when they perform tasks that are "discretionary, or for acts taken at the direction of a judge or according to court rule."  <u>Geitz v. Overall</u>, 62 F. App'x. 744, 746 (8th Cir. 2003) (citations omitted).  Officials performing mere ministerial functions, however, are not entitled to immunity.  <u>Id.</u>

Here, plaintiff did not clearly articulate any facts underlying his claim against O'Brien.  Instead, he simply argued that the state court acted without jurisdiction and then listed various statutes, rules, treaties, and constitutional amendments. As a result, the court cannot analyze whether quasi-judicial immunity applies.  Without properly pleaded facts, the court cannot ascertain whether O'Brien exercised discretion or delegated judicial authority and thus whether quasi-judicial immunity

applies.  Therefore, the court cannot decide the motion to dismiss on these grounds.

Instead, the court dismisses the claims against O'Brien under Rule 12(b)(6).  Federal Rule of Civil Procedure 8(a) requires plaintiffs to include "a short and plain statement of the claim showing that the pleader is entitled to relief" in their complaint. As noted, plaintiff not only failed to plead a facially plausible claim, he pleaded no facts at all to support his claim against O'Brien.  Because plaintiff did not meet the pleading standard, the claims against O'Brien are dismissed for failure to state a claim.

## III. City Defendants

The remaining defendants (City Defendants) also move to dismiss.  Plaintiff's claims against City Defendants appear to center on their participation in his arrest and prosecution. Plaintiff argues that City Defendants did not have jurisdiction over him and thus they fraudulently and falsely arrested and prosecuted him.[4]  In their motion to dismiss, City Defendants first argue that plaintiff failed to properly serve each defendant. Second, City Defendants argue that the court should decline to

---

[4] Plaintiff alleges that City Defendants "deprived [plaintiff] of ... rights, liberties, and property under color of law by way of an unconstitutional jurisdiction called 'statutory,' which cannot be researched in any reputable books that contains [sic] Positive Law or Constitutional Law."  ECF No. 1-1, at 72.

exercise jurisdiction under the Younger abstention doctrine. Finally, City Defendants argue that plaintiff's complaint fails to state a claim under which relief may be granted.

The court first considers the Younger abstention question. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 100 n.3 (1998) (addressing Younger abstention first as a jurisdictional question). "Under current Younger v. Harris doctrine, federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1249 (8th Cir. 2012) (citations omitted).

First, plaintiff's state criminal proceedings are ongoing. Second, those proceedings implicate important state interests at the heart of the Younger doctrine. Huffman v. Pursue, Ltd., 420 U.S. 592, 603-05 (1975). Finally, plaintiff's constitutional and jurisdictional arguments can be, and have been, heard in state court. Moore v. Sims, 442 U.S. 415, 430 (1979) ("[T]he ... pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims."). Therefore, the court declines to exercise jurisdiction under the Younger doctrine.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    Judicial Defendants' motion to dismiss [ECF No. 52] is granted;

2.    City Defendants' motion to dismiss [ECF No. 27] is granted; and

3.    The action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 23, 2021

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court